## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN WILLIAM TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-268-D |
| | ) | |
| MICHAEL E. KLIKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is the Motion to Dismiss of Defendant Carol Houseman [Doc. No. 64]. Plaintiff has responded, and Defendant has filed a reply and a supplemental brief. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant seeks dismissal of the Amended Complaint, arguing that the same fails to state a claim upon which relief may be granted against her; she also seeks dismissal on qualified immunity grounds.

I.  Background:

This action is brought pursuant to 42 U. S. C. § 1983 and the Oklahoma Governmental Tort Claims Act ("GTCA"). Plaintiff seeks to recover damages for alleged constitutional rights violations and tortious conduct resulting from a child abuse investigation conducted by the Oklahoma Department of Human Services ("DHS"), the Oklahoma City Police Department, and the Oklahoma Attorney General.[1]  Individual capacity claims are asserted against Carol Houseman ("Houseman"), a DHS social worker, as well as against Oklahoma City Police Officer Michael Klika ("Klika"), Assistant Attorney General Tom Gruber, and five "John Doe" defendants. Plaintiff also asserts claims against the City of Oklahoma City and against his former employer, the Attorney General of Oklahoma.

---

[1] According to Plaintiff's allegations, the investigation was completed, and no charges were filed against him.

Plaintiff alleges that, following a report to the DHS that he had abused his minor daughter, he was detained at his workplace for several hours by Klika and investigators in the Attorney General's office. No warrant was issued. While he was detained at his office, Plaintiff's home was searched; no warrant was issued for the search. He alleges that Houseman assisted in these actions in an unspecified manner.

In response to the original Complaint, Defendants DHS and Houseman moved to dismiss. DHS argued that the only claim asserted against it, the first cause of action, was barred by the GTCA because all actions with respect to Plaintiff were undertaken pursuant to its statutory duties to investigate child abuse allegations. Because it has a statutory duty to perform mandatory acts, including the duty to conduct investigations of child abuse, it argued that Plaintiff's claims against it were barred by the GTCA. The Court agreed,[2] and granted the motion to dismiss, finding that Plaintiff could not state a claim for relief against DHS because it is immune from liability; DHS was dismissed from this action. *See* Order of April 24, 2007 [Doc. No. 33], at pp. 4, 6.

Houseman's motion argued she was entitled to qualified immunity from individual liability on Plaintiff's § 1983 claims that Houseman violated his Fourth, Fifth, and Fourteenth Amendment rights by allegedly assisting in the warrantless detention of Plaintiff and the warrantless search of his home. Analyzing the claim according to the standards governing motions to dismiss based on qualified immunity, the Court denied Houseman's Motion in its April 24, 2007 Order [Doc. No. 33] at pp. 4-6.

Houseman appealed, and the Tenth Circuit affirmed the denial of her qualified immunity claim. *Turner v. Houseman*, 268 F. App'x 785 (10th Cir. 2008) (unpublished opinion). In doing so,

---

[2]The Order granting DHS's Motion [Doc. No. 33] was issued by the Honorable David L. Russell, to whom this case was assigned at the time. Subsequently, the case was transferred to the undersigned.

2

the Circuit held the Complaint alleged that Houseman participated in an unlawful, warrantless detention or seizure of Plaintiff and an unlawful, warrantless search of his home. Applying the then-established standards governing qualified immunity claims, the Circuit concluded that Plaintiff had alleged facts which, taken as true, showed the violation of established constitutional rights under the Fourth, Fifth, and Fourteenth Amendments; it further held that those rights were clearly established at the time of the challenged actions. *Id.,* at 788-89. Thus, it concluded that the District Court properly denied qualified immunity.

After the Tenth Circuit's decision, Plaintiff filed an Amended Complaint setting out four causes of action[3], asserting the three claims initially pled and adding a new claim that Houseman, Klika and the John Doe defendants violated Plaintiff's Fourteenth Amendment right to familial association by prohibiting Plaintiff from associating with his minor daughter during the investigation described in the Amended Complaint.

Houseman has filed a Motion to Dismiss the Amended Complaint. In addition to reasserting her contention that she is entitled to qualified immunity, she now also seeks dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[4]

II. Dismissal for failure to state a claim:

Where a motion to dismiss for failure to state a claim is presented, a court must construe the allegations in the complaint in the light most favorable to the plaintiff. *Buckley Construction, Inc.*

---

[3]For reasons that are unclear, Plaintiff continues to name DHS as a defendant on his first cause of action, which is also asserted against the City of Oklahoma City. In the Amended Complaint, however, Plaintiff expressly pleads that DHS was dismissed from this action by Judge Russell's Order of April 24, 2007. Amended Complaint, ¶ 41. Notwithstanding the prior dismissal of DHS and Plaintiff's acknowledgment of that ruling, he continues to name DHS as a defendant and assert allegations against it in the first cause of action.

[4]Plaintiff argues in part that the motion is an improper motion to reconsider the Tenth Circuit's decision. The Court disagrees. Houseman challenges the Amended Complaint filed after that decision; furthermore, she asserts a Rule 12(b)(6) motion which was not presented to the Circuit.

*v. Shawnee Civil and Cultural Development Authority*, 933 F.2d 853 (10th Cir. 1991). All well-pleaded allegations in the complaint must be taken as true. *Id.* at 855.

To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U. S.544, 570 (2007);[5] see also *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F.App'x 843, 846 (10th Cir. 2008)(unpublished opinion). To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*,550 U.S. at 545. Thus, plaintiffs must now "do more than generally allege a wide swath of conduct." *Robbins,* 519 F. 3d at 1247. Instead, they must allege sufficient facts to "'nudge[ ] their claims across the line from conceivable to plausible.'" *Robbins*, 519 F. 3d at 1247 (quoting *Twombly*, 550 U.S. at 547).

Houseman argues that the only allegations against her, set forth in the first and second causes of action, fail to satisfy the pleading requirements of *Twombly* and *Robbins* because Plaintiff has failed to allege facts sufficient to state a claim that is plausible on its face. She contends that, as noted by the Tenth Circuit in *Robbins*, the new motion to dismiss standard is particularly important in a § 1983 claim where several employees of a state agency are named as defendants in their individual capacities. The Circuit in *Robbins* observed that, in § 1983 cases, specific allegations are required because "state actors may only be held liable under § 1983 for their own acts." *Robbins*, 519 F. 3d at 1251. According to the Circuit:

---

[5]*Twombly* altered the previous rule that a complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

> Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins*, 519 F. 3d at 1250 (emphasis in original). In *Robbins,* the plaintiffs sued several defendants, in their individual capacities; they alleged that the defendants collectively engaged in certain specific conduct which constituted a violation of the plaintiffs' rights. According to the Circuit, the collective allegations were insufficient because the plaintiffs failed to identify the wrongful acts allegedly committed by each defendant. As the Circuit explained:

> Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.

*Id.* The Circuit found this insufficient to satisfy the notice pleading requirements of Fed. R. Civ. P. 8 as well as the *Twombly* pleading standards.

In this case, the second cause of action in the Amended Complaint alleges that Plaintiff's constitutional rights were violated as a result of his warrantless detention and the warrantless search of his home. In support of that contention, he alleges:

> Klika, Houseman, Gruber, City and Does 1 through 5 inclusively, wrongfully arrested and detained Plaintiff without informing him of the nature and cause of the accusation, and unreasonably searched his home in violation of Plaintiff's clearly-established and well-known constitutional rights of freedom from the unreasonable and unlawful seizure of his person granted to him by the Fourth and Fourteenth Amendments to the United States Constitution.

Amended Complaint, ¶ 52. In the next paragraph, he alleges that "Defendants Klika, Houseman, Gruber, City and Does 1 through 5, inclusive, wrongfully detained Plaintiff in violation of Plaintiff's clearly-established and well-known constitutional rights to be free from the deprivation of his liberty without due process of law." *Id.* at ¶ 53. Plaintiff then alleges that the same defendants "had no

court order, arrest warrant, or probable cause or excuse to seize Plaintiff's person and to hold him incommunicado while a search of his home was being made." Amended Complaint, ¶ 54.

The allegations in Plaintiff's third cause of action are also asserted collectively, naming "Klika, Houseman, and Does 1 through 5." In ¶¶ 61 through 63, he alleges that "Klika, Houseman, and Does 1 through 5, took actions to deliberately, intentionally, and wrongfully prohibit Plaintiff from visiting his daughter," and those same defendants "wrongfully prohibited" him from "associating with his daughter." He contends that their conduct violates his Fourteenth Amendment "liberty interest in the right of familial association." Amended Complaint, ¶ 65. He also alleges, in both the second and third causes of action, that these named defendants "engaged in a joint venture, assisted each other in performing the actions described, and lent their physical presence and support, as well as the authority of their offices, to each other during said events." *Id.* at ¶¶ 54 and 64.

Applying the analysis of *Robbins*, Plaintiff's allegations against Houseman are combined with those against other named defendants, without specifying the actions of Houseman which are alleged to have violated Plaintiff's rights. While the Amended Complaint includes extensive factual allegations regarding the events that led to the investigation, and identifies some actions attributed to Houseman, these factual allegations do not include an explanation of Houseman's purported role in the detention of Plaintiff or her role in the subsequent warrantless search of his home. Although he alleges that Houseman joined in the detention and search, he does not explain what she did with regard to those specific occurrences. In the context of a § 1983 claim in which Houseman cannot be liable for the conduct of the other named defendants, *Robbins* requires more specificity with regard to Houseman's conduct which Plaintiff contends constitutes a violation of his rights.

Accordingly, the Court concludes that, pursuant to the standards set forth in *Twombly* and *Robbins*, Plaintiff's allegations against Houseman in the second and third causes of action are insufficient to state a claim upon which § 1983 relief may be granted as to Houseman in her individual capacity because Plaintiff has failed to allege facts to show the specific conduct of Houseman on which those claims are based.[6]   To that extent, the Motion to Dismiss is GRANTED. Having so concluded, however, the Court further finds that Plaintiff should be granted leave to amend to correct these deficiencies,  as the Court cannot determine at this time that an amendment would be futile. *See, e.g., Bauchman v. West High School*, 132 F. 3d 542, 559 (10th Cir. 1997).

III.  Dismissal based on qualified immunity:

"Qualified immunity protects government officials performing discretionary functions from individual liability in federal claims unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Nielander v. Board of County Comm'rs,* ___ F. 3d ___, 2009 WL 2713196, at *8 (10th Cir. Aug. 31, 2009) (quoting *Shero v. City of Grove*, 510 F. 3d 1196, 1204 (10th Cir.2007); see also *Pearson v. Callahan*, __U.S., 129 S.Ct. 808, 815 (2009).

Where, as in this case, qualified immunity is asserted in a motion to dismiss, the correct standard for review is the same as for dismissals based on failure to state a claim for relief. *Archuleta v. Wagner* 523 F. 3d 1278, 1281 (10th Cir. 2008) (citing *Moya v. Schollenbarger*, 465 F. 3d 444, 455 (10th Cir.2006).  Thus, the Court is "limited to assessing the legal sufficiency of the

---

[6]The Court rejects Houseman's repeated argument that Rule 12(b)(6) dismissal is warranted because it is not "plausible" that, as a social worker, she could have participated in a warrantless seizure or arrest of Plaintiff. Her argument ignores the Tenth Circuit's express ruling, on her previous appeal, that the Fourth Amendment requirements regarding search and seizure apply to social workers as well as to police officers. *Turner*, 268 F.App'x at 787 (citing *Jones v. Hunt*, 410 F. 3d 1221, 1225 (10th Cir. 2005) and *Roska ex rel. Roska v. Peterson*, 328 F. 3d 1230, 1240-42 (10th Cir. 2003)).  Therefore, Houseman's "plausibility" argument fails under the facts of this case.

allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F. 3d 488, 494 (10th Cir.1995). The Court must accept as true all "'well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party.'" *Archuleta,* 523 F. 3d at 1283 (quoting *Moya*, 465 F. 3d at 455).

As Plaintiff argues in response to Houseman's motion, the Tenth Circuit previously affirmed the denial of her motion based on qualified immunity, finding that the allegations in the Complaint, taken as true, were sufficient to overcome a qualified immunity claim. *See Turner*, 268 F. App'x 785, 789. Houseman suggests, however, that the Supreme Court's decision in *Pearson*, issued after the Tenth Circuit's decision, may impact Houseman's qualified immunity defense in this case.

Prior to the Supreme Court's decision in *Pearson*, the qualified immunity analysis required the Court to first determine whether the complaint alleged conduct which amounted to a constitutional violation and, if so, to then determine whether the right violated was clearly established at the time of the conduct at issue. *Archuleta*, 523 F. 3d at 1283; *see Saucier v. v. Katz*, 533 U.S. 194, 201 (2001). In *Pearson*, however, the Supreme Court modified its *Saucier* holding and held that the Court is no longer required to first consider the existence of a constitutional violation; instead, it may analyze the two-part test in any order it chooses. According to the Supreme Court:

> The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.

*Pearson*, __ U.S. at __; 129 S.Ct. at 818. Under *Pearson*, the Court is "permitted to address whether the law is clearly established before addressing whether a constitutional violation has occurred." *Nielander*, ___F. 3d at ___, 2009 WL 2713196, at *8 (citing *Pearson*,__U.S. at ___, 129 S.Ct. at 818).

Contrary to Houseman's suggestion, *Pearson* did not alter the rule that, where qualified immunity is asserted in a motion to dismiss, the Court's review must be confined to the allegations in the complaint. Notwithstanding the fact that the Court may now consider whether the law was clearly established before determining if a constitutional violation has been sufficiently alleged, that change in the analysis does not impact the ruling in this case. As the Tenth Circuit noted in addressing Houseman's previous motion, the law regarding search and seizure was well established at the time of the April 2005 incidents on which Plaintiff's claims are based. *Turner*, 268 F. App'x at 788. As noted in *Turner*, this Circuit has previously held that both police officers and social workers are subject to the Fourth Amendment requirements regarding search and seizure. *Id.* (citing *Jones v. Hunt*, 410 F. 3d 1221, 1225 (10th Cir. 2005) and *Roska ex rel. Roska v. Peterson*, 328 F. 3d 1230, 1240-42 (10th Cir. 2003)). Although this Court has concluded that Plaintiff must amend to include more specific allegations regarding the manner in which Houseman allegedly violated these rights, that conclusion does not alter the fact that the Plaintiff has alleged constitutional violations based on law which was clearly established at the relevant time.

Houseman also reasserts her argument, previously rejected by the Circuit, that she can be liable only if the facts alleged show conduct which would be "conscience shocking." The Circuit rejected that argument, finding that the "'shock-the-conscience" test applies only when the plaintiff asserts a substantive due process violation based on executive action that does not implicate a fundamental right. *Turner*, 268 F.App'x at 787 (quoting *County Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998) and *Dubbs v. Head Start, Inc.*, 336 F. 3d 1194, 1203 (10th Cir. 2003)). The Circuit concluded that, in this case, Plaintiff does not rely on substantive due process, but asserts specific violations of the Fourth, Fifth, and Fourteenth Amendments; thus, it found the "shock-the-

9

conscience" test inapplicable. *Id.*  Again, that conclusion is not changed by *Twombly* and *Robbins* or *Pearson.*   Although this Court has concluded that Plaintiff must allege the specific conduct on which his claim against Houseman is based, the general allegations as asserted in the current Amended Complaint are sufficient, if proved, to show the specific constitutional violations on which Plaintiff relies.

As Houseman notes, the Tenth Circuit determined in *VanZandt* that a plaintiff's failure to satisfy the pleading requirements in *Robbins* was also sufficient to warrant granting a motion to dismiss on qualified immunity grounds. *VanZandt*, 276 F.App'x at 848-49; *see also Lamb v. Barton*, Case No. CIV-08-83-F, United States District Court, Western District of Oklahoma , Order of June 11, 2008 [Doc. No. 17].  The Court has compared the allegations set forth in  *VanZandt* and *Lamb* with those asserted in the Amended Complaint in this case, and concludes that the allegations in this case are significantly closer to satisfying the requirements of *Robbins.*  Although the Court has concluded that more specificity is required to satisfy the pleading requirements, the Court does not find that such conclusion mandates dismissal on qualified immunity grounds.

The Court concludes that, consistent with the Tenth Circuit's previous holding, Houseman's claim of qualified immunity must be rejected, as that holding is not impacted by the subsequent Supreme Court decision in *Pearson.*  Accordingly, to the extent the Motion to Dismiss is based on a claim of qualified immunity, it is DENIED.

IV. Conclusion:

For the foregoing reasons, Houseman's Motion [Doc. No. 64]is GRANTED in part and DENIED in part.  To the extent that dismissal is sought for failure to state a claim pursuant to Rule 12(b)(6), the Motion is GRANTED; Plaintiff is, however, granted leave to file a Second Amended

Complaint to attempt to cure the deficiencies noted herein.  The Second Amended Complaint shall be filed within 20 days of the date of this Order.  To the extent that Houseman's Motion seeks dismissal based on qualified immunity, the Motion is DENIED.

IT IS SO ORDERED this  8th   day of September, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE